2018 IL App (3d) 180414

Opinion filed December 13, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| *In re* ESTATE OF MIRABELLA S., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| a Minor | ) | Will County, Illinois |
| | ) | |
| (Lauren S., | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-18-0414 |
| | ) | Circuit No. 18-P-464 |
| v. | ) | |
| | ) | |
| Matthew S., | ) | Honorable |
| | ) | James Jeffrey Allen |
| Respondent-Appellant.) | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Lytton and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1        Petitioner Lauren S. sought guardianship of Mirabella, the daughter of her former boyfriend, respondent Matthew S., claiming Matthew, a Wisconsin resident, had left the child to live with Lauren in Illinois for more than one year. The trial court entered an order of plenary guardianship and an order of protection against Matthew. He challenged the guardianship on the basis that he was awarded sole custody of Mirabella by a Wisconsin court and that the Illinois

court lacked jurisdiction. We vacate the trial court's orders and remand for custody of Mirabella to be returned to Matthew.

¶ 2                                        I. FACTS

¶ 3        The minor child, Mirabella S., was born November 4, 2014, to respondent Matthew S. and Christina M., who is not involved in this matter. Matthew and Mirabella lived in Wisconsin, and on September 1, 2016, the trial court in Racine County, Wisconsin, entered an order awarding Matthew sole custody and primary placement of Mirabella. On May 11, 2018, Lauren S., Matthew's ex-girlfriend, filed an emergency petition for appointment of guardian. In the petition, Lauren alleged that Mirabella had lived with her in Channahon, Illinois, since May 1, 2017, when Matthew left Mirabella in Lauren's care. She further alleged that Matthew gave her Mirabella's medical card but had not provided any monetary support and had not seen Mirabella in over three months. Finally, Lauren alleged that Matthew was unwilling or unable to make the day-to-day decisions for Mirabella and that he "voluntarily relinquished the child to Petitioner."

¶ 4        On May 14, 2018, the trial court appointed Lauren plenary guardian without prejudice and also appointed a guardian *ad litem* for Mirabella. An additional order entered the same day, which is not in the record, presumably prohibited Mirabella from leaving Will County. On May 16, 2018, Lauren sought and was granted an emergency order of protection, naming herself and Mirabella as protected parties. Matthew was not provided timely notice and did not appear at either hearing.

¶ 5        On May 21, 2018, Matthew appeared and was served with the summons, complaint, emergency order of protection, and interrogatories. The court struck Matthew's emergency motion, which is not included in the record. On June 7, 2018, Matthew filed a copy of the Racine County order granting him sole custody in the Will County court. He also filed an emergency

2

motion to strike and dismiss Lauren's emergency petition for appointment of guardian and for an order of protection. Matthew's motion provided that he lived with Mirabella and Lauren in Wisconsin until May 2017. He and Lauren broke up in May 2018. He was not given notice of the guardianship proceeding or hearing on the order of protection. Matthew also sought Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions against Lauren.

¶ 6        On June 14, 2018, Lauren filed an emergency motion to amend her emergency motion to appoint a guardian and the amended motion, titled "an emergency motion for finding of temporary emergency jurisdiction." Matthew filed a motion to strike Lauren's motions. A hearing took place on June 18, 2018, and the trial court entered an order finding an Illinois Supreme Court Rule 903 (eff. Mar. 8, 2016) judicial conference was needed with the Wisconsin court and continued the matter. The Illinois judge and a Wisconsin judge, although not the judge who entered the initial custody order, participated in a judicial conference that took place between June 18 and June 26, 2018. The trial court in Wisconsin wrote to Matthew's attorney on June 26, 2018, informing that the conversation concerned which court would have jurisdiction and the determination was made that the hearing already scheduled in Illinois would take place and jurisdiction would be addressed then. The letter also stated that no decision on jurisdiction had been made. No record of the phone conference was made.

¶ 7        On June 29, 2018, the trial court denied Matthew's motions to strike, found Illinois was Mirabella's home state for jurisdictional purposes, and determined that, per the conversation with the Wisconsin judge, Wisconsin ceded jurisdiction. The court further found that it had temporary emergency jurisdiction and set a date to decide if Lauren had standing to seek guardianship.

¶ 8        Matthew sought leave to file an interlocutory appeal on July 11, 2018. On July 18, 2018, he filed a motion to stay and waive bond in the trial court. This court granted Matthew's petition

3

for leave to appeal on August 9, 2018. On August 15, 2018, Lauren filed an emergency motion in the trial court to amend an order requiring Mirabella to stay in Will County and for the release of her vaccination records. The trial court entered an order on August 20, 2018, which provided that it amended *nunc pro tunc* its May 14, 2018, order, to read, " 'the jurisdiction of the State of Illinois's guardian without prejudice shall advise the GAL any time the minor is going outside Will County." The court denied Lauren's request to obtain Mirabella's vaccination records. The trial court stayed the remaining proceedings. Matthew motioned in this court for a stay of the court's August 20, 2018, order, which this court denied. Matthew opted to stand on his petition for leave to appeal.

¶ 9                                                    II. ANALYSIS

¶ 10       On appeal, Matthew argues that the trial court lacked personal jurisdiction over him and that it failed to comply with the requirements of the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (750 ILCS 36/101 *et seq.* (West 2016)). Matthew argued that Wisconsin retained exclusive continuing jurisdiction over Mirabella's custody, an Illinois court may not modify Wisconsin's custody determinations, and the emergency petition to appoint a guardian did not meet the requirements for emergency jurisdiction under the UCCJEA.

¶ 11       We first address Matthew's claim the trial court did not have personal jurisdiction over him. A person may object to personal jurisdiction based on being unamenable to process, or insufficiency of process or service of process, by filing a motion to dismiss the entire proceeding or any cause of action in the proceeding or by moving to quash service of process. 735 ILCS 5/2-301(a) (West Supp. 2017). A party waives jurisdiction when he files any other pleading or motion before filing a motion challenging personal jurisdiction. 735 ILCS 5/2-301(a-6) (West Supp. 2017). A court acquires jurisdiction over a party who voluntarily appears before the court.

4

*In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1066 (2009). Our review of whether the trial court obtained personal jurisdiction is *de novo*. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 12   The trial court's May 21, 2018, order provides that Matthew was present in court and served with summons, the complaint, interrogatories, and the emergency order of protection. The court struck Matthew's emergency motion as unintelligible. Although the motion is not in the record, Matthew does not assert that he used the motion to object to the trial court's personal jurisdiction. It was not until Matthew's emergency motion to strike and dismiss filed June 11, 2018, that he challenged personal jurisdiction. However, he had already waived any objection to it by appearing and filing a prior motion, albeit stricken. In addition, Matthew voluntarily appeared at the May 21, 2018, hearing and accepted the summons and complaint without objection. We find the trial court had personal jurisdiction over Matthew.

¶ 13   We next review whether the trial court erred when it did not follow the procedures set forth in the UCCJEA. Because a custody determination regarding Mirabella had been made by the Wisconsin court and Matthew continued to reside in Wisconsin, Matthew asserts that the trial court was required to follow the procedures set forth in the UCCJEA. Matthew further alleges if the trial court had followed the procedures set forth in the UCCJEA, it would have determined that jurisdiction was proper only in Wisconsin. We begin with Matthew's claims that Wisconsin retained exclusive continuing jurisdiction over all custody determinations and the trial court here was without authority to modify the Wisconsin custody order.

¶ 14   Under the UCCJEA, a child custody proceeding is one that concerns the legal or physical custody of a child and includes proceedings for guardianship and protection from domestic violence. 750 ILCS 36/102(4) (West 2016). A child custody determination is a judgment or court

5

order concerning legal or physical custody, including permanent, temporary, and modification orders. 750 ILCS 36/102(3) (West 2016). Modification means a child custody determination changing, replacing, superseding, or is otherwise made after a previous determination regarding the same child, regardless of whether made by the same court. 750 ILCS 36/102(11) (West 2016).

¶ 15     A court may not modify a prior custody order of another state, except as provided under temporary emergency jurisdiction provisions of the UCCJEA or when Illinois has jurisdiction to make an initial custody determination under section 201(a)(1) or (2) of the UCCJEA and (1) the other state cedes jurisdiction or (2) the child, the child's parents, or a person acting as parent does not presently reside in the other state. 750 ILCS 36/203 (West 2016). Once a state makes an initial child custody determination, it retains exclusive continuing jurisdiction. *Fleckles v. Diamond*, 2015 IL App (2d) 141229, ¶ 32. In determining whether to modify a custody determination from another state, an Illinois court must first decide whether the court in the other state retained exclusive continuing jurisdiction. *Gorup v. Brady*, 2015 IL App (5th) 150078, ¶ 28.

¶ 16     A letter from the Wisconsin judge to Matthew's attorney, dated June 26, 2018, provided that the conversation involved, in part, whether Illinois or Wisconsin should have jurisdiction and that the judges determined the Illinois hearing that was scheduled would be used to address jurisdiction. The letter further stated that "no such decision on jurisdiction has been made" and the parties would have "an opportunity to present evidence and argument before the jurisdiction question is answered." The letter concluded with the statement that if Wisconsin is found to have jurisdiction, a guardian *ad litem* would likely be appointed. In contrast, the trial court here concluded from the phone call that Wisconsin ceded jurisdiction and that Illinois was now Mirabella's home state. The UCCJEA's requirements to modify custody were not satisfied. The

Wisconsin court did not cede jurisdiction. The court's letter specifically stated that jurisdiction was not determined. It is undisputed that Matthew resided in Wisconsin during the entirety of the proceedings and prior to Lauren's initial filing. We find that the trial court here was without jurisdiction to modify the order of Racine County awarding Matthew sole custody.

¶ 17　　We next consider whether the trial court obtained temporary emergency jurisdiction under the UCCJEA. Matthew asserts that Lauren's pleadings were insufficient to invoke the trial court's jurisdiction. In the alternative, he argues that the trial court failed to comply with the UCCJEA's mandatory requirements and the court erred in granting Lauren's petition for guardianship.

¶ 18　　A court may obtain temporary emergency jurisdiction when the child is present in Illinois and "has been abandoned or it is necessary in an emergency to protect the child because the child *** is subjected to or threatened with mistreatment or abuse." 750 ILCS 36/204(a) (West 2016). Where there has been a prior child custody determination entitled to enforcement, an order issued by the Illinois court under temporary emergency jurisdiction must specify "a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction." 750 ILCS 36/204(c) (West 2016). The temporary order remains in effect until an order from the other state is obtained or the time period expires. *Id.*

¶ 19　　Where an Illinois court is asked to make a child custody determination under its temporary emergency jurisdiction authority, and it is informed that a child custody determination has already been made by a court in another state with jurisdiction, the court "shall immediately communicate with the other court." 750 ILCS 36/204(d) (West 2016). Communications between the courts may include the participation of the parties; if the parties are not able to participate, they must be given the chance to present facts and legal arguments before the court may decide

7

the jurisdictional issue. 750 ILCS 36/110(b) (West 2016). The parties need not be informed if the call concerns schedules, calendars, court record, and similar matters and a record of the call is not required. 750 ILCS 36/110(c) (West 2016) Otherwise, a record must be made of the call, and the parties must be promptly informed and granted access to the record of the call. 750 ILCS 36/110(d) (West 2016).

¶ 20       The trial court believed that the call with the Wisconsin judge was governed by Illinois Supreme Court Rule 903 (eff. Mar. 8, 2016). That rule provides that custody proceedings concerning an individual child be decided by a single judge. We find that Rule 903 is inapplicable and does not direct the interstate phone conference at issue. The requirements under the UCCJEA govern the phone call here, not Rule 903. The UCCJEA requires that the phone conference be recorded, which did not occur and, as discussed above, resulted in differing versions of the call. Moreover, according to the Illinois trial court, jurisdiction was decided despite the lack of participation of the parties or an opportunity for them to argue the merits of jurisdiction as required by the UCCJEA.

¶ 21       Lauren's emergency petition for guardianship stated that Matthew left Mirabella with her around May 1, 2017, that Mirabella remained in her care, that Matthew provided Mirabella's medical card but did not provide any financial assistance, that Matthew lived in Wisconsin and had not seen Mirabella for more than three months, and that Mirabella's mother had not had contact with Mirabella for more than a year. The petition alleged that Mirabella's mother was believed to be a drug addict and unable to care for Mirabella and that Matthew left Mirabella in Lauren's custody for more than one year, did not provide support, and is unwilling and unable to make daily decisions concerning Mirabella's care. The petition further alleged that there was no

8

one in Illinois to carry out Mirabella's daily care, necessitating Lauren's appointment as guardian.

¶ 22     By all accounts, Mirabella was present in Illinois and had been living here with Lauren for more than one year. Lauren's petition, however, failed to allege that Matthew abandoned Mirabella or that there was a threat of her abuse or mistreatment. The petition does not assert that Matthew left Mirabella "without provision for reasonable and necessary care or supervision." 750 ILCS 36/102(1) (West 2016). Rather, the petition asserts that Matthew left Mirabella in Lauren's care. The petition did not allege mistreatment or abuse, offering only the conclusory statement that Matthew was unwilling and unable to make decisions concerning the care of Mirabella.

¶ 23     After Matthew moved to strike and dismiss Lauren's petition, she moved to amend the pleading, which the trial court granted after Matthew moved to strike and dismiss the motion to amend. The amended motion, titled "an emergency motion for finding of temporary emergency jurisdiction" rather than petition for guardianship, stated that a custody order was entered in Wisconsin, granting Matthew sole custody, and was enrolled in Will County; that Illinois was now Mirabella's home state; and that Lauren had physical custody of Mirabella for a period of six consecutive months and was a person acting as a parent under the UCCJEA. The motion alleged that Mirabella was subjected to or threatened with mistreatment as shown by Matthew's repeated threats of suicide, his failure to comply with his medication regime, his use of Mirabella "as a bargaining chip" in his relationship with Lauren, his "depersonalizing Mirabella by threatening Lauren that he will find Mirabella a new mother," and his "exhibiting emotional instability and verbal abuse toward persons he purports to love." Lastly, the motion requested the court immediately communicate with the Wisconsin court entering the custody order.

9

¶ 24    The amended motion also fails to satisfy the statutory requirements. Importantly, Lauren filed her motion to amend and motion for emergency temporary jurisdiction on June 14, 2018, nearly a month after the trial court awarded her guardianship of Mirabella. Her belated claims regarding Matthew cannot constitute the basis for the prior ruling granting her guardianship. Even if Lauren's new allegations regarding Matthew were considered, they do not indicate abandonment, mistreatment, or abuse. Unsupported allegations regarding Matthew's behavior and mental health did not establish that he mistreated or abused Mirabella. There is no claim of emergency or that Mirabella was in immediate harm. To the contrary, Lauren alleged Matthew had not seen Mirabella in three months prior to her original filing and therefore her allegations cannot support a claim of emergency or immediate harm. The allegations concerning Matthew's suicide threats are supported by copies of undated text messages in which he talks about suicide. Again, those allegations, while serious, do not support a claim that there was an immediate risk of harm to Mirabella. Because the Wisconsin court had already determined that Matthew was fit for custody of Mirabella, it retains continuing exclusive jurisdiction to decide if he is now unfit as alleged by Lauren. See *Crouch v. Smick*, 2014 IL App (5th) 140382, ¶ 16 (" 'So long as one parent *** remains in the state that made the original custody determination, only that state can determine when the relationship between the child and the left-behind parent has deteriorated sufficiently so that jurisdiction is lost.' " (quoting Robert G. Spector, *Uniform Child-Custody Jurisdiction and Enforcement Act (With Prefatory Note and Comments)*, 32 Fam. L.Q. 301, 340 n.81 (1998))).

¶ 25    Moreover, after learning that a Wisconsin court had entered a prior custody order and in the exercise of its emergency temporary jurisdiction, the Illinois court was required to specify a time period to allow Lauren to obtain an order from the Wisconsin court and to immediately

10

communicate with the other court. The trial court's orders granting guardianship and finding it had temporary emergency jurisdiction did not include a time period as required and the trial court failed to immediately communicate with the Wisconsin court. Lauren suggested at the initial hearing on May 14, 2018, that there was a prior order. The court did not call the Wisconsin judge until approximately mid-June. We do not consider that the trial court acted "immediately" to communicate with the court in Wisconsin.

¶ 26 In summary, the trial court failed to comply with the requirements of the UCCJEA and granted guardianship to Lauren without any authority to do so. Lauren did not establish any basis to sustain the court's emergency temporary jurisdiction. It is undisputed that Matthew has sole custody as determined by the Racine County court. We find that because Wisconsin retains continuing and exclusive jurisdiction to make custody determinations regarding Mirabella, the trial court here lacked jurisdiction to award Lauren guardianship and to modify the Wisconsin custody order. Accordingly, we vacate all orders entered by the trial court and order custody of Mirabella be immediately returned to Matthew.

¶ 27 III. CONCLUSION

¶ 28 For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

¶ 29 Reversed and remanded.