# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Wendy S.*, 2020 IL App (1st) 191661

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF WENDY S., Petitioner-Appellee, and GEORGE D., Respondent-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-1661 |
| Filed<br>Rehearing denied | March 20, 2020<br>May 21, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-D-10469; the Hon. Elizabeth Loredo Rivera, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | George D., of Winnetka, appellant *pro se*.<br><br>Matthew C. Arnoux, of Birnbaum, Haddon, Gelfman & Arnoux, LLC, of Chicago, for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Presiding Justice Mikva and Justice Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1        The circuit court of Cook County entered an order striking a minor section from a previous custody[1] judgment between the *pro se* respondent-appellant, George D., and the petitioner-appellee, Wendy S. George now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                        BACKGROUND

¶ 3        The parties were married in 2001 and had three children during the marriage. In 2008, Wendy filed for dissolution of the marriage. On September 28, 2010, the trial court entered an order awarding Wendy sole custody of the children (the 2010 custody judgment). On October 19, 2010, the trial court entered a judgment for dissolution of marriage which incorporated the 2010 custody judgment.

¶ 4        In October 2012, George filed a petition to modify custody pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/610 (West 2012)), claiming that changed circumstances warranted a modification of the 2010 custody judgment. He sought sole custody of the children. Following a hearing on George's petition, the trial court entered an order on December 15, 2015, granting the petition (the 2015 custody judgment). The 2015 custody judgment awarded George sole custody of the children subject to Wendy's designated visitation.[2] Section X of the 2015 custody judgment designated a psychologist, Dr. Jay Lebow, to serve as a "behavioral parenting coach" for the parties. Section X(C) specified that, "[p]rior to either parent filing a motion or petition in court regarding custody or visitation, the party shall submit a written report from Dr. Lebow at their expense confirming that court intervention is required to protect the health[,] safety or welfare of the child."

¶ 5        Wendy appealed the 2015 custody judgment. She argued before this court that the trial court erred in not requiring George to plead or prove "serious endangerment" in order to seek modification of custody, pursuant to section 610(a) of the Act. *Id.* § 610(a). She also argued that the court erred in finding, pursuant to section 610(b) of the Act, that George proved by clear and convincing evidence that a custody change was in the children's best interests. *Id.* § 610(b). On appeal, she made no specific challenges to section X(C) of the 2015 custody judgment. We affirmed the 2015 custody judgment. *In re Marriage of Wendy L.D.*, 2017 IL App (1st) 160098.

¶ 6        In 2016, while Wendy's appeal from the 2015 custody judgment was pending, Wendy filed two motions in the trial court: (1) a "motion to allow [her] to file motions concerning the best interests of the children," which sought an order vacating section X(C) of the 2015 custody judgment; and (2) a "motion to modify the [visitation] schedule," which sought certain revisions to the 2015 custody judgment relating to the allocation of visitation. Wendy did not

---

[1]The term "custody" has been updated to "parental responsibility" under the amended Illinois Marriage and Dissolution of Marriage Act. See Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (amending 750 ILCS 5/801). However, the custody judgment in this case was decided by the trial court prior to that update. For the sake of simplicity and clarity, we will use the term "custody" throughout this order.

[2]The term "visitation" has been updated to "parenting time" under the amended Illinois Marriage and Dissolution of Marriage Act. See Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (amending 750 ILCS 5/801). For the sake of simplicity and clarity, this opinion will use the term "visitation."

submit a report from Dr. Lebow in support of her visitation motion. The trial court denied Wendy's motion that related to visitation time because she had not consulted with Dr. Lebow before filing the motion as required by section X(C) of the 2015 custody judgment; the court also denied her motion that sought to vacate section X(C) (the 2016 motions judgment).

¶ 7 Wendy then appealed the 2016 motions judgment. On appeal, we held that the trial court lacked jurisdiction to decide Wendy's two motions while her appeal from the 2015 custody judgment was pending. We accordingly vacated the 2016 motions judgment. *In re Marriage of Wendy L.D.*, 2017 IL App (1st) 170063-U.

¶ 8 On August 28, 2018, Wendy filed an "Amended Motion to Allow [Wendy] to File Motions Concerning the Best Interests of the Children" (the amended motion).[3] In her amended motion, Wendy sought to have section X(C) of the 2015 custody judgment vacated on the ground that it was void. She argued that section X(C) was void for three reasons: (1) the trial court lacked subject matter jurisdiction to enter section X(C) because it delegated the court's statutory power to decide custody matters to a third party, specifically Dr. Lebow; (2) section X(C) is unconstitutional as it violates the parties' due process and equal protection rights; and (3) section X(C) is contrary to Illinois public policy.

¶ 9 George filed an objection to Wendy's amended motion on the basis of improper service, claiming that she served notice only via electronic mail. The trial court denied George's notice objection but allowed him 35 days to respond to Wendy's amended motion.

¶ 10 George then responded to Wendy's amended motion by arguing that Wendy was procedurally barred from filing it. He argued that Wendy had previously failed to challenge section X(C) in her appeal from the 2015 custody judgment and so the law-of-the-case doctrine[4] now barred her from challenging section X(C) before the trial court. George also claimed that Wendy did not seek leave from the trial court to file her amended motion and so the trial court did not have jurisdiction to consider it.

¶ 11 Following a hearing on July 19, 2019, the trial court granted Wendy's amended motion. The court's order stated: "The question of whether [section] X(C) of the 2015 Custody Judgment must be vacated hinges on whether the provision is deemed void." The court then found that section X(C) is void because "[t]he court exceeded its authority by delegating to a third party the power to intervene in custody matters." The order further found section X(C) to be void because it violated the parties' substantive and procedural due process rights.

¶ 12 The trial court then struck section X(C) from the 2015 custody judgment.[5] However, the court left the remainder of the 2015 custody judgment intact. This appeal followed.

---

[3]When Wendy filed her amended motion, it was filed before a different trial court judge than the original judge who had entered the 2015 custody judgment.

[4]The law-of-the-case doctrine precludes relitigation of a previously decided issue in the same case. *Rommel v. Illinois State Toll Highway Authority*, 2013 IL App (2d) 120273, ¶ 15.

[5]The trial court judge who struck section X(C) was not the same judge who had originally entered section X(C) in the 2015 custody judgment.

¶ 13                                    ANALYSIS

¶ 14        The record reflects that there were multiple claims involved in this case; the trial court's July 19, 2019, judgment, which struck section X(C) from the 2015 custody judgment, nevertheless, continued the case to a later date for resolution of other pending matters.[6] Nonetheless, pursuant to Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016), appeals can be taken from final judgments modifying a custody judgment even where the judgment does not dispose of the entire proceeding. As George filed a timely notice of appeal following the trial court's July 19, 2019, judgment, which modified the 2015 custody judgment, we have jurisdiction to consider this appeal. See Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 15        As an initial matter, we address Wendy's request that we dismiss this appeal, or in the alternative, strike George's statement of facts section from his brief. Wendy argues that George's statement of facts section "is replete with violations of Rule 341(h)(6)" because it contains "inaccurate and argumentative facts" as well as "highly prejudicial and immaterial information." Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) provides strict rules which litigants must follow in submitting their appellate briefs, including a statement of facts in which the facts are "stated accurately and fairly without argument or comment." *Pro se* litigants, such as George, are not excused from following these rules which dictate the form and content of appellate briefs. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Nevertheless, while George's statement of facts is, at times, argumentative, his brief adequately complies with Rule 341(h) so that this court is able to comprehend the relevant facts. Where violations of supreme court rules are not so flagrant as to hinder or preclude our review, the striking of a brief is unwarranted. *Cottrill v. Russell*, 253 Ill. App. 3d 934, 938 (1993). Thus, in the interest of justice, we decline to take the drastic action of dismissing this appeal or striking the section of George's brief that contains the statement of facts.

¶ 16        Turning to the merits, George frames his arguments on appeal as multiple issues. However, the substance of his arguments amount to the following two issues: (1) whether Wendy was procedurally barred from filing her amended motion and (2) whether the trial court erred when it struck section X(C) from the 2015 custody judgment.

¶ 17        George first argues that Wendy was procedurally barred from filing her amended motion for numerous reasons, such as that (1) the trial court lacked jurisdiction to consider Wendy's amended motion because it was not properly filed as a section 2-1401 petition[7], (2) Wendy did not seek leave of the trial court to file her amended motion, (3) Wendy failed to give proper notice of her amended motion pursuant to the rules governing section 2-1401, and (4) the law-of-the-case doctrine barred Wendy's amended motion.

¶ 18        We agree with George that Wendy's amended motion was not a proper section 2-1401 petition. Instead, it was *a petition to modify custody*. Although Wendy erroneously titled her amended motion, and even argues on appeal that it was a proper section 2-1401 petition, it was clearly a petition to modify custody because she specifically sought to modify the 2015 custody

_____

[6]The record is silent as to the other matters involved in this case.

[7]A section 2-1401 petition seeks to vacate or void a judgment more than 30 days after the judgment has been entered. 735 ILCS 5/2-1401 (West 2018).

- 4 -

judgment by striking section X(C). It is the *substance* of a filing, not the title, that controls. *Silverstein v. Brander*, 317 Ill. App. 3d 1000, 1005 (2000).[8]

¶ 19    Once a court makes an initial custody determination, it retains jurisdiction to modify the custody judgment. 750 ILCS 5/601(a) (West 2012);[9] *In re Estate of Mirabella S.*, 2018 IL App (3d) 180414, ¶ 15. Generally, there must be a showing of changed circumstances in order to modify custody. 750 ILCS 5/610.5(a) (West 2016). However, courts may modify custody without a showing of changed circumstances if the modification is in the best interests of the children and the modification constitutes a *minor modification*. *Id.* § 610.5(e)(2). Considering that the 2015 custody judgment is 125 pages long and that section X(C) is *one sentence* within those 125 pages, striking section X(C) would undoubtedly be a minor modification. Also, section X(C) is of a procedural nature and does not relate to the allocation of custody between the parties. See *In re Marriage of O'Hare*, 2017 IL App (4th) 170091, ¶ 27 ("it is commonly known that the term 'minor' is synonymous with 'small' or 'inconsequential' "). As Wendy's amended motion sought a minor modification to the 2015 custody judgment in the best interests of the children, the trial court had jurisdiction to consider it.

¶ 20    Having determined that Wendy's amended motion was a petition to modify custody and therefore she was entitled to file the motion, none of George's other procedural arguments are relevant. Specifically, Wendy did not need to seek leave to file her amended motion or to serve notice pursuant to the rules governing section 2-1401. Additionally, the law-of-the-case doctrine does not apply to custody modifications, as the Act explicitly allows for modifications to previous custody judgments. See 750 ILCS 5/610.5 (West 2016); *In re Marriage of Carstens*, 2018 IL App (2d) 170183, ¶ 24.

¶ 21    Since we have concluded that Wendy's amended motion was not a section 2-1401 petition, we need not consider whether section X(C) is void, even though the parties have erroneously presented that as the issue. Instead, because Wendy's amended motion was a petition to modify custody, we will determine whether it was appropriate for the trial court to modify the 2015 custody judgment by striking section X(C).[10]

¶ 22    As already discussed, a trial court may make minor modifications to a custody judgment if such modification is in the best interests of the children. 750 ILCS 65/610.5(e)(2) (West 2016). When deciding issues pertaining to custody, the trial court has broad discretion, and its judgment is afforded great deference. *In re Marriage of Debra N.*, 2013 IL App (1st) 122145, ¶ 45. "Accordingly, a reviewing court will not disturb a trial court's decision to modify the terms of a custody agreement unless its decision is against the manifest weight of the evidence and constitutes an abuse of discretion." *Id.*

---

[8]For the sake of simplicity and clarity, we will continue to refer to Wendy's petition to modify custody as her amended motion.

[9]Amendments to the Act effective in 2016 repealed section 601 but granted substantially identical jurisdiction in new section 601.2. See Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (adding 750 ILCS 5/601.2).

[10]Although the trial court struck section X(C) on the ground that it is void and not as a custody modification, it is well established that "we review the trial court's judgment, not its reasoning, and we may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds." (Internal quotation marks omitted.) *Hancock v. Village of Itasca*, 2016 IL App (2d) 150677, ¶ 11.

¶ 23    In this case, when the trial court entered section X(C) in the 2015 custody judgment, it prevented the parties from filing any motions or petitions related to custody matters unless they first submitted a written report from Dr. Lebow. This goes against the legislative intent of the Act, which is for parties who are part of a custody judgment to be able to seek modifications *of their own accord*.[11] See 750 ILCS 65/610.5 (West 2016); see also *In re Marriage of Valliere*, 275 Ill. App. 3d 1095, 1103 (1995) (an "unauthorized procedure" for any future custody modifications violated the legislative intent of the Act and was therefore improper).

¶ 24    We recognize that the trial court in the 2015 custody case likely entered section X(C) in the interest of judicial economy and efficiency. However, in practice, section X(C) would elongate custody proceedings. Custody matters can often be time-sensitive and arise under urgent circumstances. Enforcing section X(C) would require the parties to make an appointment with Dr. Lebow, meet with him, and then submit a written report from him before they could petition the court regarding custody matters. Conceivably, this could take months to complete and make it more difficult for *both parties* to resolve pressing matters related to custody of the children. This additional barrier would limit the parties' ability to petition the court for relief concerning the best interests of their children, which, in turn, is *not* in the best interests of the children.

¶ 25    Importantly, in making minor modifications to custody judgments, trial courts have an obligation to ensure that the custody judgment's original intent remains intact, as the Act favors finality and continuity of custody judgments. *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 29. Section X(C) was such a minor procedural part of the 2015 custody judgment, when viewed in context and entirety, that striking it does not diminish or impact the original spirit of the 2015 custody judgment overall.

¶ 26    In sum, striking section X(C) was a minor modification to the 2015 custody judgment made in the best interests of the children. Consequently, the trial court's order modifying the 2015 custody judgment by striking section X(C) did not go against the manifest weight of the evidence or constitute an abuse of discretion. We accordingly affirm the trial court's judgment.

¶ 27                                                    CONCLUSION
¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.

---

[11]We acknowledge that the Act only allows parties to seek modifications at any time if they are minor; otherwise the Act permits parties to seek major modifications whenever there are changed circumstances. 750 ILCS 65/610.5 (West 2016).