2021 IL App (2d) 210270
No. 2-21-0270
Opinion filed December 17, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ALYCE L. RICHARDS, | ) | Appeal from the Circuit Court |
| | ) | of Boone County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-L-9 |
| | ) | |
| KIMBERLY VACA, as Special Representative | ) | |
| of Joshua T. Wilson, Deceased, | ) | Honorable |
| | ) | Ronald A. Barch, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1                                        I. INTRODUCTION

¶ 2     Defendant Kimberley Vaca, as appointed special representative of decedent, Joshua T.
Wilson, sought interlocutory review pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1,
2019), requesting leave to present two certified questions. We granted defendant's request. We
now answer those questions and remand.

¶ 3                                        II. BACKGROUND

¶ 4     The instant case arises out of an automobile accident that occurred on May 11, 2018.
Plaintiff, Alyce L. Richards, was injured. Decedent died that day. On May 6, 2020, five days before

the running of the statute of limitations, plaintiff filed a complaint alleging that the injuries she received in that automobile accident were caused by decedent's negligence. Plaintiff was aware that decedent was deceased when the complaint was filed. Wilson was named as the only defendant. No letters of office had been issued regarding decedent's personal estate.

¶ 5     On May 20, 2020, plaintiff moved to appoint a "special administrator" in accordance with section 2-1008(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1008(b) (West 2020)). The trial court granted this motion on June 5, 2020, appointing attorney Charles Popp. On July 10, 2020, Popp moved to substitute Vaca for Popp as "special representative".

¶ 6     On July 31, 2020, decedent's attorneys filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)). The motion asserted that plaintiff failed to commence this action within the time allowed (two years as a personal-injury action (735 ILCS 5/13-202 (West 2020))) and that consequently it was time-barred.

¶ 7     On October 9, 2020, plaintiff filed a motion to vacate defendant's appointment and a motion to appoint a special representative pursuant to section 13-209(b)(2) of the Code (735 ILCS 5/13-209(b)(2) (West 2020)). Decedent's attorneys opposed only the latter motion, arguing that section 13-209(b)(2) did not allow the appointment of a special representative after the applicable limitations period had expired.

¶ 8     Following supplemental briefing by the parties, the trial court issued a "Memorandum of Decision and Order." The trial court first determined that the complaint filed by plaintiff on May 6, 2020, was a legal nullity, as it named only a dead person as a defendant. The court then examined section 13-209 of the Code (735 ILCS 5/13-209 (West 2020)). It concluded that plaintiff was entitled to the appointment of a special representative despite the running of the limitations period.

It rejected decedent's attorneys construction of section 13-209(b)(2), finding that, if it did not allow for such an appointment, the section would be meaningless and that absurd results would follow.

¶ 9     Defendant then sought interlocutory review, and the trial court certified the following two questions:

> "1. Whether when a potential defendant dies prior to the expiration of the applicable statute of limitations, and the Plaintiff, although aware of that person's death, names the decedent in a case prior to the expiration of the applicable statute of limitations, can the Plaintiff rely on 735 ILCS 5/13-209(b)(2) to appoint a special representative after the statutory period has expired and thus pursue litigation against the decedent's liability insurance proceeds; and
>
> 2. If the answer to Question 1 is in the affirmative, must the special representative appointed under 735 ILCS 5/13-209(b)(2), be appointed within six months of the decedent's death[?]"

We now turn to these questions.

¶ 10                                   III. ANALYSIS

¶ 11     First, we will address whether section 13-209(b)(2) of the Code (735 ILCS 5/13-209(b)(2) (West 2020)) allows for the appointment of a special representative after the running of the limitations period where a plaintiff files a complaint naming a deceased person as the defendant. When construing a statute, a court's primary task is to ascertain and give effect to the intent of the legislature. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). Where we can determine the intent of the legislature from such plain language, we will give it effect without resorting to further interpretive aids. *Metzger v. DaRosa*, 209 Ill. 2d 30, 35 (2004). However, if a statute is ambiguous, we may consider external aids of construction. *Poris v. Lake Holiday Property Owners Ass'n*,

2013 IL 113907, ¶ 47. Our supreme court has held that "sections of the same statute should *** be considered *in pari materia*, and that each section should be construed with every other part or section of the statute to produce a harmonious whole." *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002). Moreover, "[i]n ascertaining the legislature's intent, this court has a duty to avoid a construction of the statute that would defeat the statute's purpose or yield an absurd or unjust result." *People v. Latona*, 184 Ill. 2d 260, 269 (1998). Review is *de novo*. *Roberts*, 214 Ill. 2d at 116.

¶ 12   As a preliminary matter, defendant correctly points out that a complaint directed against a dead person is a nullity: "If a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment entered in the case will be a nullity." *Relf v. Shatayeva*, 2013 IL 114925, ¶ 22 (citing *Danforth v. Danforth*, 111 Ill. 236, 240 (1884) and *Bricker v. Borah*, 127 Ill. App. 3d 722, 724 (1984)). Defendant notes that the applicable statute of limitations provides that personal-injury actions must be commenced within two years of when they accrued. 735 ILCS 5/13-202 (West 2020). Here, plaintiff filed her initial, defective complaint before the limitations period expired, but did not seek the appointment of a special representative until after the limitations period passed.

¶ 13   Plaintiff contends, and the trial court agreed, that section 13-209(b)(2) allows for a special representative to be appointed after the running of the limitations period, thus saving the cause of action. This section, along with other portions of the statute that will become pertinent to this discussion, provides as follows:

> "(b) If a person against whom an action may be brought dies before the expiration
> of the time limited for the commencement thereof, and the cause of action survives, and is
> not otherwise barred:

(1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

(2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims. 735 ILCS 5/13-209(b) (West 2020).

¶ 14     Plaintiff first argues that subsection (b)(2) contains no language limiting its application to the period prior to the running of the limitations period. Conversely, defendant asserts that the subsection includes no language that would allow this appointment to occur after the limitations period passed. Both parties reference the principle that a court may not read into a statute any conditions, limitations, or exceptions that do not appear in its plain language. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). Defendant further contends that, in other subsections of section 13-209, where the legislature intended to extend the applicable limitations period, it clearly expressed its intent. For example, subsection (b)(1) states that an action may be commenced "within 6 months after the person's death." 735 ILCS 5/13-209(b)(1) (West 2020). Plaintiff contends that the other subsections of section 13-209 provide little guidance, as they mirror sections of the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West

2020)) concerning bringing claims against a decedent's estate (plaintiff specifically points to sections 18-3 and 18-12 (755 ILCS 5/18-3, 18-12 (West 2020))). Plaintiff points out that subsection (b)(2) has no counterpart in the Probate Act. We fail to see how this would affect how the legislature would express its intent in drafting section 13-209. That is, regardless of whether subsection (b)(2) had a counterpart in the Probate Act, the legislature still could have expressed its intent regarding creating an exception to the applicable statute of limitations, as it did in the other subsections, if it, in fact, intended such an exception.

¶ 15     Indeed, both parties are able to find support for their positions in the text of the statute. This is because the statute is ambiguous. It is certainly true that subsection (b)(1) contains an express time limit for the commencement of an action while subsection (b)(2) does not. It is also true that subsection (b)(1) sets forth a right to commence an action while subsection (b)(2) does not. Subsection (b)(1) begins with the phrase, "an action may be commenced against" (735 ILCS 5/13-209(b)(1) (West 2020)); subsection (b)(2) contains no comparable language. Thus, read literally, if no personal representative exists, a court has unlimited time to appoint a special representative, but the special representative may not be sued. This surely cannot be what the legislature intended. See *Bowman v. Ottney*, 2015 IL 119000, ¶ 17 ("Moreover, we will avoid a construction that would defeat the statute's purpose or yield absurd or unjust results."). The legislature did not allow for a special representative to be appointed to do nothing. The appointment of a special representative must serve some purpose. *Cf. Gay v. Dunlap*, 279 Ill. App. 3d 140, 147 (1996) ("Courts avoid interpretations which would render part of a statute meaningless or void."). Given the subject matter of the rest of the statute, it is obvious that the special representative exists to defend a lawsuit. See *Land*, 202 Ill. 2d at 422 (holding that parts of a statute must be read *in pari materia*).

¶ 16    We further note that, if we read the two subsections as alternatives, another questionable consequence follows. Under subsection (b)(1), an action must be commenced within the limitations period or within six months of the defendant's death. On the other hand, subsection (b)(2) contains no such limitation, so an action could be instituted in perpetuity. We perceive no reason why such disparate results should follow based on whether a personal representative or a special representative were involved in an action. Again, we must "presume that the legislature did not intend absurd, inconvenient, or unjust consequences." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 441 (2010).

¶ 17    Conversely, if we read the two subsections as complementary rather than as setting forth two distinct alternatives, no such absurdities follow. That is, subsection (b)(1) establishes a right to institute an action against the personal representative of an estate and imposes a time limitation (the time set by the applicable statute of limitations or within six months of the defendant's death, whichever occurs later). If an estate has been opened, the plaintiff may proceed against the personal representative. If no estate is open, subsection (b)(2) sets forth a procedure where the trial court can appoint someone to take the place of a personal representative—namely, a special representative. This construction avoids all of the absurdities set forth above.

¶ 18    We also note that this construction addresses the trial court's concern that construing subsection (b)(2) as not allowing for an appointment of a special representative after the running of the limitations period would render that section meaningless. It is axiomatic that a statute should not be construed in a manner that renders any portion of it meaningless. *Einstein v. Nijim*, 358 Ill. App. 3d 263, 268 (2005). The trial court reasoned that, if a plaintiff had to file a complaint and seek the appointment of a special representative prior to the expiration of the ordinary statute of limitations, section 13-209 would serve no purpose. We disagree. Regardless of whether section

13-209(b)(2) alters the time frame during which an action may be instituted, it provides for the appointment of a special representative, which allows a plaintiff to proceed against a deceased defendant.

¶ 19    As for the second certified question, we hold that the time limitation contained in subsection (b)(1) applies when a special representative is appointed pursuant to subsection (b)(2). As we construe the statute, the special representative simply takes the place of the personal representative and the case proceeds accordingly (subject, of course, to the other conditions set forth in subsection (b)(2)).

¶ 20                                IV. CONCLUSION

¶ 21    Accordingly, we answer both certified questions in the affirmative. Regarding the first question, a court may appoint a special representative after the expiration of the applicable limitations period. As for the second question, since the special representative takes the place of the personal representative, such an appointment, if it happens after the limitations period, must occur within six months of the defendant's death.

¶ 22    Having answered both certified questions, we remand this case.

¶ 23    Certified questions answered; cause remanded.

**No. 2-21-0270**

| | |
|---|---|
| **Cite as:** | *Richards v. Vaca*, 2021 IL App (2d) 210270 |
| **Decision Under Review:** | Appeal from the Circuit Court of Boone County, No. 20-L-9; the Hon. Ronald A. Barch, Judge, presiding. |
| **Attorneys for Appellant:** | Nick Papastratakos, of Hilbert & Power, Ltd., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Nathan J. Noble, of Nathan J. Noble, P.C., of Belvidere, for appellee. |